UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.: CV 12-5367-SVW (MAN)                                             Date: January 15, 2013

Title:   Anthony Tucker v. City of Santa Monica, et al.
===============================================================================
DOCKET ENTRY:         ORDER TO SHOW CAUSE RE: POSSIBLE DISMISSAL
===============================================================================
PRESENT:

        Hon.  Margaret A. Nagle   , United States Magistrate Judge

        Earlene Carson               N/A
        Deputy Clerk                 Court Reporter/Tape No.

ATTORNEYS PRESENT FOR PLAINTIFF:         ATTORNEYS PRESENT FOR DEFENDANTS:

  N/A                                                                             N/A

**PROCEEDINGS (In Chambers):**

On September 13, 2012, the Court completed its screening of the First Amended Complaint and ordered that service of process occur.  On that same date, the Court issued various orders advising plaintiff that he was entitled to have the U.S. Marshal effect service of process on his behalf and providing plaintiff with instructions for proceeding with service of process.  In its "Order Directing Service Of Process," the Court directed that: "Within thirty days (30) of this Order, plaintiff shall file with the Court copies of the USM-285 forms he has submitted to the United States Marshal."  In its concurrent Minute Order, the Court cautioned plaintiff as follows:

> Plaintiff is expressly advised that the Summons and First Amended Complaint must be served upon the defendants within 120 days of the date of this Order.  If service is not completed within 120 days, the Court may dismiss this action.  *See* Rule 4(m), Federal Rules of Civil Procedure.  Plaintiff is further advised that service of the Summons and First Amended Complaint must comply with the provisions of Rule 4 of the Federal Rules of Civil Procedure.

The Court's Orders of September 13, 2012, were the last documents filed in this case.  Plaintiff did not comply with the above-noted requirement of the "Order Directing Service Of Process" that he file copies of the USM-285 forms submitted to the U.S. Marshal.  Plaintiff has not advised the Court that he opted to effect service of process on his own, without the aid of the U.S. Marshal.  Moreover, the Rule 4(m) deadline (January 11, 2013) has expired.  No defendant has appeared in this case, and plaintiff has not filed a proof service for any defendant.[1]  Accordingly, the Court assumes that plaintiff has not served any defendant with process.

---

[1]     Indeed, plaintiff has not filed any document in this case since the August 20, 2012 filing of the First Amended Complaint.

MINUTES FORM 11                                                                                                         Initials of Deputy Clerk _____
CIVIL - GEN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  CV 12-5367-SVW (MAN)                                                          Date: January 15, 2013

Rule 4(m) provides that, if service of the summons and complaint is not made upon a defendant within 120 days of filing the complaint, federal district courts have the authority to *sua sponte* dismiss an action without prejudice, after notice to the plaintiff.  If, however, a plaintiff shows good cause for the failure to serve the complaint within that time frame, the Court must extend the time for accomplishing service.  *Id.*; *see also* Muhammed v. Department of Treasury, 1998 WL 986245, at *3 (C.D. Cal. Nov. 19, 1998).  The burden of establishing good cause is on the plaintiff.  *Id.*, at *4.  The "good cause" exception to Rule 4(m) applies "only in limited circumstances" and is not satisfied by "inadvertent error or ignorance of the governing rules."  Hamilton v. Endell, 981 F.2d 1062, 1065 (9th Cir. 1992); *see also* Townsel v. County of Contra Costa, 820 F.2d 319, 320-21 (9th Cir. 1987) (holding that ignorance of Rule 4 is not good cause for untimely service and affirming dismissal under Rule 4(m), even though the statute of limitations had run, and thus, the dismissal effectively was with prejudice).

By the Court's Minute Order of September 13, 2012, plaintiff was clearly advised of his obligation to effect service of process within the Rule 4(m) deadline *and* in compliance with Rule 4's requirements.  Moreover, by that same Order, plaintiff was expressly notified that dismissal of this action might result if he failed to complete service of process within the Rule 4(m) deadline.  Nonetheless, plaintiff has failed to meet his obligation.

"Pro se litigants must follow the same rules of procedure that govern other litigants."  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); *see also* Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (*per curiam*) (failure of *pro se* litigant to follow procedural rules justified dismissal of civil rights action).  Given the Court's explicit advice to plaintiff, through the September 13, 2012 Minute Order, there is no apparent cause, much less good cause, for plaintiff's failure to prosecute this action by attempting to serve the defendants.  *See* Wei v. State of Hawaii, 763 F.2d 370, 372 (9th Cir. 1985) (*per curiam*) (opining that Rule 4(m)'s 120-day time limit "is intended to force parties and their attorneys to be diligent in prosecuting their causes of action," and because plaintiff did not contend that he attempted to serve defendants, was confused about the requirements of service, or was prevented by effecting timely service by factors beyond his control, a dismissal for failure to serve process was justified, even though plaintiff's claim therefore became time-barred).  Under the circumstances of record, there is no apparent basis for extending the expired Rule 4(m) period, and under Rule 4(m), dismissal of this action, without prejudice, is warranted.

Accordingly, **by no later than February 1, 2013**, plaintiff is **ORDERED TO SHOW CAUSE** why this action should not be dismissed, pursuant to Rule 4(m), based on his failure to serve the defendants with process.

> **Plaintiff is cautioned that a failure to timely respond to this Order to Show Cause and to establish good cause for his noncompliance with Rule 4(m) will result in a recommendation that this action be dismissed.**

**IT IS SO ORDERED.**

MINUTES FORM 11                                                                                              Initials of Deputy Clerk _____
CIVIL - GEN