

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY TUCKER, | NO. CV 12-5367 FMO (MAN) |
| Plaintiff, | |
| v. | **ORDER DISMISSING ACTION WITHOUT PREJUDICE** |
| CITY OF SANTA MONICA, et al., | |
| Defendants. | |

On June 25, 2012, plaintiff filed a civil rights complaint on an in forma pauperis basis.  On June 27, 2012, pursuant to 28 U.S.C. § 1915(e)(2), United States Magistrate Judge Margaret A. Nagle issued a Memorandum and Order that identified the defects of the complaint and dismissed it with leave to amend.  On August 20, 2012, plaintiff filed a First Amended Complaint.

On September 13, 2012, the Magistrate Judge: completed her screening of the First Amended Complaint; ordered that service of process occur; and issued various orders advising plaintiff that the U.S. Marshal would effect service of process on his behalf and providing plaintiff with instructions for proceeding with service of process.  In her Order Re: Service of Process, the Magistrate Judge directed that:  "Within thirty (30) days of this Order, plaintiff shall file with the Court copies of the USM-285 forms he has submitted to the United States Marshal."  In her concurrent Minute Order, the Magistrate Judge cautioned plaintiff as follows:

Plaintiff is expressly advised that the Summons and First Amended Complaint must be served upon the defendants within 120 days of the date of this Order.  If service is not completed within 120 days, the Court may dismiss this action.  See Rule 4(m),

1   Federal Rules of Civil Procedure.  Plaintiff is further advised that service of the
2   Summons and First Amended Complaint must comply with the provisions of Rule 4 of the Federal Rules of Civil Procedure.

3   On January 15, 2013, Magistrate Judge Nagle issued an Order to Show Cause ("OSC")

4   regarding the possible dismissal of this action based on the expiration of the Rule 4(m) deadline

5   and the lack of any evidence that plaintiff had attempted to serve defendants with process.  The

6   OSC reminded plaintiff of the Rule 4(m) deadline and the possibility of a dismissal for failure to

7   serve defendants with process.  The OSC advised plaintiff that, if he established good cause for

8   his failure to serve defendants on a timely basis, this action would not be dismissed, but cautioned

9   him that his failure to do so likely would cause the case to be dismissed.  In particular, the OSC

10  stated:

11  **[B]y no later than February 1, 2013**, plaintiff is **ORDERED TO SHOW CAUSE** why
12  this action should not be dismissed, pursuant to Rule 4(m), based on his failure to serve the defendants with process.

13  **Plaintiff is cautioned that a failure to timely respond to this Order**
    **to Show Cause and to establish good cause for his**
14  **noncompliance with Rule 4(m) will result in a recommendation**
    **that this action be dismissed.**

15

16  (OSC at 2 (emphasis in original)).

17  Plaintiff did not respond to the OSC or request an extension of time to do so.  Indeed,

18  plaintiff has not filed any document in this case since the August 20, 2012, filing of the First

19  Amended Complaint, and he has made no effort to prosecute this action since that time.  Plaintiff

20  did not comply with the above-noted requirement of the Order Re: Service Of Process that he file

21  copies of the USM-285 forms submitted to the U.S. Marshal.  Plaintiff has not advised the court

22  that he effected service of process on his own, without the aid of the U.S. Marshal.  The Rule 4(m)

23  deadline (January 11, 2013) has expired, no defendant has appeared in this case and plaintiff has

24  not filed a proof of service for any defendant.  Accordingly, based on the record before the court,

25  defendants have not been served with process and it appears that plaintiff has abandoned this

26  case.

27  Rule 4(m) provides that, if service of the summons and complaint is not made upon a

28  defendant within 120 days of filing the complaint, a federal district court has the authority to <u>sua</u>

sponte dismiss an action without prejudice, after notice to the plaintiff.  If, however, a plaintiff shows good cause for the failure to serve the complaint within that time frame, the court must extend the time for accomplishing service.  Fed. R. Civ. P. 4(m); see also Muhammed v. Dep't of Treasury, 1998 WL 986245, at *3 (C.D. Cal. Nov. 17, 1998).  The burden of establishing good cause is on the plaintiff.  Id., at *4.  The "good cause" exception to Rule 4(m) applies "only in limited circumstances" and is not satisfied by "inadvertent error or ignorance of the governing rules."  Hamilton v. Endell, 981 F.2d 1062, 1065 (9th Cir. 1992); see also Townsel v. County of Contra Costa, 820 F.2d 319, 320-21 (9th Cir. 1987) (holding that ignorance of Rule 4 is not good cause for untimely service and affirming dismissal under Rule 4(m), even though the statute of limitations had run, and thus, the dismissal effectively was with prejudice).

By the Magistrate Judge's Minute Order of September 13, 2012, and the OSC, plaintiff was clearly and repeatedly advised of his obligation to effect service of process within the Rule 4(m) deadline, and he was placed on notice that dismissal of this action might result if he failed to complete service of process within the Rule 4(m) deadline.  Nonetheless, plaintiff has failed to meet his obligation and, further, has declined the opportunity afforded him to explain his failure and obtain an extension of the Rule 4(m) deadline.

"Pro se litigants must follow the same rules of procedure that govern other litigants."  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); see also Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam) (failure of pro se litigant to follow procedural rules justified dismissal of civil rights action).  Given the explicit advice provided to plaintiff, through the September 13, 2012, Minute Order and the OSC, there is no cause, much less good cause, for plaintiff's failure to prosecute this action by attempting to serve the defendants.[1]  See Wei v. Hawaii, 763 F.2d 370, 372 (9th Cir. 1985) (per curiam) (opining that Rule 4(m)'s 120-day time limit "is intended to force parties and their attorneys to be diligent in prosecuting their causes of action" and that because plaintiff did not contend that he attempted to serve defendants, was confused about the requirements of service or was prevented by effecting timely service by factors beyond his control,

---

[1]   While plaintiff is proceeding on a pro se basis, he is not incarcerated.

1  a dismissal for failure to serve process was justified, even though plaintiff's claim therefore

2  became time-barred).  Under the circumstances, there is no basis for extending the expired Rule

3  4(m) period and, under Rule 4(m), dismissal of this action, without prejudice, is warranted.

4        Accordingly, IT IS ORDERED that Judgment be entered dismissing this action, without

5  prejudice, for failure to effect service of process in compliance with Rule 4(m) of the Federal Rules

6  of Civil Procedure.

7  Dated this 20th day of February, 2013.

8

9                                         /s/

10                               Fernando M. Olguin
                           United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28